## STEPHEN TIROZZI *v.* SHELBY INSURANCE COMPANY
### (AC 17498)

Lavery, Schaller and Dupont, Js.

Argued May 26—officially released October 13, 1998

*Dominic J. Caciopoli*, with whom, on the brief, was *Rocco J. Tirozzi*, for the appellant (plaintiff).

*Patrick M. Mullins*, with whom was *Ann Grunbeck Monaghan*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Stephen Tirozzi, appeals from the summary judgment rendered by the trial court in favor of the defendant, Shelby Insurance Company. On appeal, the plaintiff claims that the trial court improperly determined that res judicata bars this second action when both the Connecticut legislature and

the Supreme Court have changed and clarified the law that denied him recovery in the first action to enable him now to recover against his employer's motor vehicle insurer. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On September 21, 1991, the plaintiff, while in the course of his employment for Brewmaster Services, Inc., (Brewmaster) was injured in an automobile accident. Brewmaster maintained uninsured-underinsured motorist coverage with the defendant. The plaintiff settled his claim against the driver of the other automobile involved in the accident for $50,000, the policy limit of the other driver's coverage. Having exhausted the limits of the tortfeasor's policy, the plaintiff claimed additional underinsured motorist coverage from the defendant. The claim was denied, and in 1993 the plaintiff brought an action (first action) against the defendant seeking his employer's underinsured motorist benefits. In that proceeding, the trial court struck the plaintiff's complaint on the basis of *CNA Ins. Co. v. Colman*, 222 Conn. 769, 774, 610 A.2d 1257 (1992), which held that the Workers' Compensation Act prohibits an injured employee from collecting uninsured motorist benefits from his employer's insurer. The plaintiff failed to replead pursuant to Practice Book § 157, now § 10-44, and, as a result, judgment entered in the defendant's favor on April 11, 1994. The plaintiff took no appeal from that judgment.

On January 1, 1994, No. 93-297 of the 1993 Public Acts (P.A. 93-297)[1] became effective. That act, which amended General Statutes § 38a-336, allows an injured employee to collect uninsured motorist benefits despite

[1] Public Act 93-297, § 1 (f), which is currently codified at General Statutes § 38a-336 (f), provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."

having received workers' compensation benefits. In *Reliance Ins. Co.* v. *American Casualty Co. of Reading, Pennsylvania*, 238 Conn. 285, 291, 679 A.2d 925 (1996), our Supreme Court held that P.A. 93-297, § 1 (f), was to be given retroactive effect. The *Reliance Ins. Co.* court based its decision on the theory that that statute clarified existing law and was a "declaration of the legislature's original intent regarding the interplay of the exclusivity provision of the workers' compensation laws and the uninsured motorist laws." Id., 289.

On the basis of *Reliance Ins. Co.*, the plaintiff brought the present action (second action) in December, 1996. The defendant filed a motion for summary judgment on the ground that the plaintiff's second action was barred by the doctrine of res judicata. Thereafter, the plaintiff filed an amended complaint alleging, in the first count, the claim for underinsured motorist benefits and, in the second count, a claim under the accidental failure of suit statute, General Statutes § 52-592.[2] The plaintiff filed an opposition to the summary judgment motion. The trial court granted the defendant's motion for summary judgment, concluding that the second action was barred by res judicata and that the accidental failure of suit statute is inapplicable because the first action was not terminated for any of the reasons designated in the statute.

[2] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . ."

Before turning to the merits of this appeal, we note that our standard of review of a trial court's grant of summary judgment is well established and is set forth in Practice Book § 17-49.[3] "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Bruttomesso* v. *Northeastern Connecticut Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 5, 698 A.2d 795 (1997); *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "The test is whether a party would be entitled to a directed verdict on the same facts. *Connell* v. *Colwell*, 214 Conn. 242, [247], 571 A.2d 116 (1990)." (Internal quotation marks omitted.) *Beebe* v. *East Haddam*, 48 Conn. App. 60, 64, 708 A.2d 231 (1998).

"A motion for summary judgment 'is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact.' *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985)." *Beebe* v. *East Haddam*, supra, 48 Conn. App. 64. As this appeal involves questions regarding the applicability of res judicata, it presents a question of law, which we review de novo. *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991); *Schratwieser* v. *Hartford Casualty Ins. Co.*, 44 Conn. App. 754, 757, 692 A.2d 1283, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997).

The plaintiff concedes that the trial court in the first action correctly decided the motion to strike against the plaintiff based on *CNA Ins. Co.* v. *Colman*, supra, 222 Conn. 769, which was the existing authority at that time. The plaintiff acknowledges, however, that had he

---

[3] Practice Book § 17-49 provides: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

waited until after the *Reliance Ins. Co.* decision, he might have prevailed on his claim. The plaintiff argues that because *Reliance Ins. Co.* declared that P.A. 93-297, § 1 (f), clarified existing law, he should have the benefit of what was deemed to be existing law, despite the adverse decision in the first action. The plaintiff argues in essence for an exception to the doctrine of res judicata for a situation where a change in the law occurs by virtue of a clarifying act of the legislature. In support of his position, the plaintiff cites primarily federal and sibling state case law and *Miles* v. *Strong*, 68 Conn. 273, 36 A. 55 (1896). The defendant argues that no such exception to the doctrine of res judicata exists under our law and that the accidental failure of suit statute is inapplicable.

" '[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. *Cromwell* v. *County of Sac*, 94 U.S. 351, 352–53, 24 L. Ed. 195 (1876); 1 Restatement (Second), [Judgments] §§ 19, 25 [1982]; James & Hazard, Civil Procedure (2d Ed.) § 11.3.' *State* v. *Aillon*, 189 Conn. 416, 423–24, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983). The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589, 674 A.2d 1290 (1996). Furthermore, "[t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the

certainty in the management of their affairs which results when a controversy is finally laid to rest. . . . The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Citation omitted; internal quotation marks omitted.) *State* v. *Ellis*, 197 Conn. 436, 466–67, 497 A.2d 974 (1985), on appeal after remand sub nom. *State* v. *Paradise*, 213 Conn. 388, 567 A.2d 1221 (1990).

"The fact that a prior judicial determination may be flawed . . . is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked. . . . If the judgment [in the prior action] is erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." (Citations omitted; internal quotation marks omitted.) *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 395, 685 A.2d 1108 (1996); see also *Deposit Bank* v. *Frankfort*, 191 U.S. 499, 24 S. Ct. 154, 48 L. Ed. 276 (1903); *Ellentuck* v. *Klein*, 570 F.2d 414 (2d Cir. 1978); 1 Restatement (Second), supra, § 17, comment (d), p. 150.

Each of the elements of res judicata is satisfied in this case. The identity of the parties to the actions are the same: Tirozzi was the sole plaintiff, and Shelby Insurance Company was the sole defendant in both actions. The same claim, demand or cause of action is at issue: In both actions the plaintiff sought damages under his employer's underinsured motorist coverage. The judgment in the first action was rendered "on the merits" by a court of competent jurisdiction. The motion to strike required the trial court to decide the

merits of the plaintiff's claim. The parties had the opportunity to fully litigate the matter. The motion to strike was contested, and both parties participated in oral argument. The plaintiff argued to the trial court that P.A. 93-297, which had been adopted at the time of argument, overruled the decision in *Colman* and, therefore, he should be allowed to recover underinsured motorist benefits from his employer's insurer for his accident, which occurred prior to the effective date of the public act. After the trial court granted the motion to strike, the plaintiff neither repleaded pursuant to Practice Book § 10-44 nor took an appeal. The plaintiff, therefore, had an adequate opportunity to litigate the matter in the first action and to seek appellate review.

Connecticut law provides no exception to res judicata for erroneous decisions. *CFM of Connecticut, Inc.* v. *Chowdhury,* supra, 239 Conn. 395. We recognize, further, that in this case the trial court's decision complied with the then existing law and that any error in its application of *Colman* to this situation resulted solely from a recognition by our Supreme Court that the law had been changed by virtue of legislative clarification in P.A. 93-297. Nonetheless, neither this court nor our Supreme Court has recognized an exception to res judicata for situations where there is a change in the law by clarification. To the contrary, although not binding on this court, the United States Supreme Court has held that "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dept. Stores, Inc.* v. *Moitie,* 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981). We conclude that the plaintiff is barred from relitigating the claims in this second action.

"Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate

a matter which it already has had an opportunity to litigate." (Internal quotation marks omitted.) *Duhaime* v. *American Reserve Life Ins. Co.*, 200 Conn. 360, 363–64, 511 A.2d 333 (1986). The trial court correctly determined that the judgment in the first action was preclusive and, by failing to replead or take an appeal, the plaintiff abandoned his opportunities to avoid res judicata.

The plaintiff also argues that the accidental failure of suit statute, § 52-592, saves his cause of action. That statute "is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court due to the various enumerated procedural problems. It is not a device for avoiding our well-settled rules of res judicata." *Legassey* v. *Shulansky*, 28 Conn. App. 653, 659, 611 A.2d 930 (1992). The first action was decided on the merits, not on any of the categories enumerated in § 52-592, and therefore that statute is not applicable here. In addition, we note that the second action was not brought within the one year time period prescribed by the accidental failure of suit statute. For those reasons, the plaintiff cannot prevail on this theory.

The judgment is affirmed.

In this opinion the other judges concurred.