[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Charles Lindsay ("plaintiff" or "Lindsay"), on behalf of himself and on behalf of all other parties similarly situated and circumstanced, filed an action against the defendants, Consolidated Hydro, Inc. ("CHI"), a Delaware corporation, Morgan Stanley , Co., Inc. ("Morgan Stanley"), a New York corporation, James T. Steward, Edward M. Stern, Michael T. Storch, Pascal J. Brun, Mary Gilbert, Frode Botnevik, Charles J. Micoleau, David R. Ramsay, Frank C. Sica, and Michael H. Walkup, all officers and/or directors of CHI (collectively "defendants"). The plaintiff's original complaint alleged a breach of fiduciary duty on behalf of the defendants and sought both damages and a declaratory judgment.
CHI began financial restructuring, and its plan of reorganization ("Plan") was accepted by more than 95% of the shareholders. Therefore, shortly after the plaintiff filed his original complaint, CHI initiated a Chapter 11 bankruptcy proceeding. Pursuant to the Bankruptcy Code § 362(1), an automatic stay was placed on the plaintiff's lawsuit. A United States District Judge confirmed the "Plan" and, thereafter, the "Plan" became effective, and the automatic stay on Lindsay's case was terminated.
In the present action, the defendants brought a motion to strike both counts of the plaintiff's original complaint. The plaintiff did not file an opposition and this court, Mintz, J., granted the defendants' motion to strike. The plaintiff, subsequently, filed a substitute complaint on behalf of himself and the class which he represents. CHI has been withdrawn as a CT Page 12238 defendant from the substitute complaint because when the United States District Court confirmed the plan to reorganize CHI, it prevented claims from being brought against the corporation.
The plaintiff alleges in his substitute complaint that the defendants violated their fiduciary duties owed to the plaintiff and the class. The defendants filed a motion to strike the substitute complaint arguing that the claims are barred under the principles of res judicata and § 303 of the Delaware General Corporations Law ("DGCL"). The defendants contend that identical claims were fully litigated in the United States Bankruptcy Court in connection with the "Plan", and that the plaintiff appeared by his attorneys and participated in the hearing. The defendants also argue that because CHI was either insolvent or virtually insolvent, their fiduciary duties expanded from the company's equity-holders to its creditors and, therefore, the plaintiff's claim holds no merit.
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39. The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief may be granted. See Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book § 152(1), now Practice Book (1998 Rev.) § 10-39(a)(1).
"[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly ClarkCorp. , 28 Conn. App. 660, 664, 613 A.2d 838 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra,196 Conn. 108-09.
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and CT Page 12239 cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Res judicata is a special defense which provides that "a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Internal quotation marks omitted.) Connecticut Natural Gas Corp. v.Miller, 239 Conn. 313, 322, 684 A.2d 1173 (1996); Tirozzi v.Shelby Insurance Co., 50 Conn. App. 680, 685, ___ A.2d ___ (1998). "[R]es judicata must be specially pleaded . . ." Practice Book § 164, now Practice Book (1998 Rev.) § 10-50.
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment was the appropriate method for resolving a claim of res judicata." Jackson v. R. G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed . . . The trial court's judgment of dismissal of this action on the basis of subject matter jurisdiction cannot, however, be affirmed on the basis of res judicata." (Citations omitted.) Labbe v. Pension Commission,229 Conn. 801, 816, 643 A.2d 1268 (1994).
"A motion to strike is not the proper method by which to raise the issue of res judicata and collateral estoppel. Generally, res judicata must be specially pleaded . . . and then it can be raised properly by a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Ash v.Allstate Insurance Co., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 465245, (May 6, 1996, Arena, J.). "[R]es judicata and collateral estoppel . . . are not grounds for a motion to strike." Tremaine v. Tremaine, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149565 (May 1, 1996, Karazin, J.). It is improper to use "a motion to strike on the grounds of res judicata instead of a motion for summary judgment or specially pleading res judicata . . . Although the motion is technically improper, this court has the discretion to examine the motion to strike on the merits . . . should it decide to do so, which it CT Page 12240 does not." (Citation omitted.) Ash v. Allstate Insurance Co.,supra, Superior Court, Docket No. 465245. Likewise, this motion to strike is technically improper and the court does not choose to examine the motion on the merits.
In the present action, the defendants have not filed an answer to the plaintiff's substitute complaint. Hence, neither res judicata nor any other special defense has yet to be raised by the defendants. As such, a motion to strike the substitute complaint on the grounds of res judicata is premature and the motion is denied.
D'ANDREA, J.