[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FOR SUMMARY JUDGMENT [102]
This is the second action brought by the plaintiff against the defendants.
Plaintiff, Charter Oak Federal Credit Union, has described its complaint in this action: ". . . the plaintiff has alleged that Lynn Christie-Van Wormer and Timothy Van Wormer (hereinafter the `Van Wormers'/`defendants') entered into a Retail Instalment Contract (hereinafter the `Contract') for the purchase of a Toyota Tercel vehicle (hereinafter the `vehicle') and that the plaintiff is the holder of said Contract pursuant to its assignment to the Plaintiff. The Plaintiff additionally alleges CT Page 3386 default, demand, acceleration and that the Defendants are indebted to the Plaintiff in the amount of $4,001.15 as of March 26, 1997, together with interest, costs and attorney's fees." Plaintiff's Memorandum of Law in Support of Objection to Defendant's Motion for Summary Judgment, September 18, 1998, p. 2. [107]
Again, according to plaintiff, it had brought "the prior case seeking to collect a deficiency judgment under the contract after an alleged repossession." Id., p. 3.
In the prior case, Charter Oak Federal Credit Union verses Lynn Christie-Van Wormer, et al, Judicial District of New London, CV97-0542561, the defendants (the Van Wormers — defendants in both cases) successfully moved to strike the plaintiffs complaint. Plaintiff chose not to plead over. Judgment was entered for the defendants (Van Wormers) and against the plaintiff.
The Van Wormers have moved for summary judgment in this action claiming res judicata.
There is no dispute that the parties in both actions are the same.
In objecting to the motion for summary judgment, plaintiff's primary claim is that the judgment in the prior action was not a judgment on the merits. Id., p. 11. Plaintiff says: "The court's granting of the motion to strike and entry of judgment in accordance therewith did not constitute a decision on the merits." Plaintiff's Memorandum of Law in Support of Objection to Defendant's Motion for Summary Judgment, September 18, 1998, p. 11. [107]
The court disagrees with this contention. After a motion to strike a complaint has been granted, and the plaintiff does not plead over, a judgment then entered is a judgment on the merits. See Tirozzi v. Shelby Insurance Company, 50 Conn. App. 680, 686-7
(October 13, 1998); certification denied, 247 Conn. 945 (December 7, 1998).
This is the rule of the Restatement.
§ 19. Judgment for Defendant — The General Rule of Bar
"A valid and final personal judgment rendered in favor of CT Page 3387 the defendant bars another action by the plaintiff on the same claim." 1 Restatement (Second), Judgments § 19.
A comment to section 19 specifically addresses the question.
 "d. Judgment for defendant on insufficiency of the complaint. The rule stated in this Section is applicable to a judgment for the defendant on demurrer or motion to dismiss for failure to state a claim. Such a result is warranted by the ease with which pleadings may be amended, normally at least once as a matter of course, and by the unfairness of requiring the defendant to submit to a second action (often initiated long after the first has come to an end) when no such amendment is sought, or when no appeal has been taken from an erroneous denial of leave to amend." 1 Restatement (Second), Judgments § 19, comment d.
The court holds that the judgment in the prior action was judgment on the merits.
The next issue is whether the claim in both cases is the same.
The court looks to the Restatement again.
 "§ 24. Dimensions of "Claim" for Purposes of Merger or Bar — General Rule Concerning "Splitting"
 "(1) When a valid and final judgment rendered in can action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished included all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
"(2) What factual grouping constitutes a `transaction,' and what groupings constitute a `series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. CT Page 3388
1 Restatement (Second), Judgments § 24.
 "§ 25. Exemplifications of General Rule Concerning Splitting
 "The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
 "(1) To present evidence or grounds or theories of the case not presented in the first action, or
 "(2) To seek remedies or forms of relief not demanded in the first action."
Restatement (Second) Judgments § 25.
In this action, plaintiff seeks to recover money due from the defendants under a certain contract. In the prior action, plaintiff sought to recover money due from the defendants under the very same contract. Although plaintiff sought recovery under a different legal theory in the prior case, the claim in each case is the same for claim preclusion purposes. Both actions are based on the same transaction — the same contract involving the same collateral and the defendants' failure to pay the plaintiff the money due under that contract. Plaintiff makes no claim that it couldn't have pursued the theory of recovery in the prior action which it employs in this action. It could have.
"The rule of claim preclusion prevents reassertion of the same claim regardless of what additional . . . legal theories might be advanced in support of it." Delahunty v. MassachusettsMutual Life Ins. Co., 236 Conn. 582, 589 (1996). See also,Tirozzi v. Shelby Ins. Co., 50 Conn. App. 680, 685-6 (October 13, 1998), certification denied, 247 Conn. 945 (December 7, 1998.
Plaintiff claims the causes pursued in the separate actions are not the same transaction. Plaintiff states:
"As set forth above, the claim in the Plaintiff's prior action was for a deficiency after repossession, which contrasts to the claim in the instant case, which is to collect the balance due under the Contract. CT Page 3389
 "In applying the aforesaid test for determining whether two claims are the same for purposes of res judicata, by weighing the considerations set forth above, the claims in the instant case and prior action should be found to be distinct for purposes of res judicata. First, the facts of the two claims are not related in time, time space, origin, or motivation. The two claims are not `based on the same underlying facts' as the Defendants have alleged. For example, in the first case, a repossession is alleged to have occurred on June 27, 1996 . . . while in the second case no repossession is alleged and default is not alleged to have occurred until on or about August 2, 1996 . . . over a month after the date of repossession alleged in the prior action." Plaintiff's Memorandum of Law in Support of Objection to Defendant's Motion for Summary Judgment, September 18, 1998, p. 12-13. [107]
The court disagrees.
 "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief." 1 Restatement (Second), Judgments § 24, comments, p. 200.
Both cases involve the same contract. Both cases involve the defendants' failure to pay what is owed the plaintiff under the contract. In the first action, plaintiff sought recovery of the amount due under the contract after credit was given for proceeds of the sale of the repossessed Toyota. In this action, plaintiff seeks the amount due under the contract after crediting the insurance proceeds on the ruined Toyota. Contrary to plaintiff's claims, the claims are the same — both arise from a single "transaction."
The plaintiff states in its brief that summary judgment must be denied because there are genuine issues of material fact to be resolved. Plaintiff has not said what those disputed material facts are. The court is not aware of any. The court has examined CT Page 3390 the affidavit of Dennis Yule which plaintiff submitted. Nothing therein raises any issue of material fact.
The motion for summary judgment is granted.
Parker, J.