[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed two motions, a motion dated February 9, 1999 and amended May 14, 1999 to reopen and vacate the judgment based on fraud and a motion for contempt. The plaintiff has filed a written objection to the motion to reopen judgment, asserting in part that the issues raised in it are precluded by the doctrine of res judicata. In addition, at the conclusion of the defendant's presentation of her evidence on the motion for contempt, the plaintiff orally moved for that motion to be denied based upon res judicata.
The plaintiff commenced this action for dissolution of marriage on October 21, 1991. In the court file with the complaint are two documents entitled Agreement, both dated October 26, 1991 and both purporting to bear the defendant's signature. Both documents appear to be separation agreements, but some of their terms differ. In one, for example, the plaintiff agrees to provide the defendant $20,000 for a car purchase and the defendant is permitted to retain a life insurance policy with a face value of $500,000 and a cash value of $79,503. In the other, the plaintiff agrees to provide the defendant with $15,000 for a car and the defendant is permitted to retain her life insurance policy with a face value of $714,745 and a cash value of $95,300. In addition, the defendant purportedly filed two appearances in the action, one on November 7, 1991 and one on March 9, 1992. She denies having signed the second appearance. The matter went to judgment on March 9, 1992 before Judge Doherty, although the defendant did not attend. The judgment file was prepared using the second "separation agreement."
On June 26, 1992, within four months of the judgment, the defendant filed several motions including a motion to open and set aside the judgment. In that motion, the defendant asserted that the judgment was unfair because she received less than ten percent of the marital assets and that the financial affidavit prepared by the plaintiff for the defendant was misleading. After an evidentiary hearing, the court (Hon. Joseph W. Doherty) denied the motion to reopen on December 9, 1992.[1]
On June 13, 1996, the defendant filed a motion for contempt asserting that the plaintiff was in contempt for failing to pay alimony from November 1, 1995, failing to pay her health CT Page 13662 insurance premiums, and converting thirty one thousand dollar savings bonds which had been the defendant's to his use. The court (Hon. Robert McWeeney) denied the motion on July 16, 1996 after the defendant and her then counsel failed to appear for a hearing.
Connecticut courts have consistently enforced the judicial policy that there must be some finality to disputes between the same parties arising out of the same transactions. "[I]t is inappropriate to condone a procedure which would permit a plaintiff to relitigate the same issue over and over again, encumbering the mechanisms our society has established to resolve disputes and subjecting the defendant to constant harassment. Litigation must end at some point." Corey v. Avco-LycomingDivision, 163 Conn. 309, 321, cert. denied 409 U.S. 1116 (1972). The doctrine of res judicata bars relitigation of issues which were raised in the prior claim and those which might have been raised. Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 196
(1952); Lehto v. Sproul, 9 Conn. App. 441, 444 (1987); Tirozzi v.Shelby Insurance Co., 50 Conn. App. 680, 685, cert. denied,247 Conn. 945 (1998). To determine whether an issue is precluded, the court must analyze the transaction out of which the claim arose.Duhaime v. American Reserve Life Insurance Co., 200 Conn. 360,364-365 (1986), adopting Section 24 of the Restatement (Second)of Judgments.
 "What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
Id., at 364, citing Restatement (Second) of Judgments, Section 24. The Restatement provides:
 Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded. But the opposite does not hold true; even where there is not a substantial overlap, the second action may be precluded if it stems from the same CT Page 13663 transaction or series.
Restatement (Second) of Judgments, Section 24, Comment at 199.
Here, the issues raised in the February 1999 motion to reopen the judgment are somewhat broader than the issues raised by the 1992 motion, but clearly involve the same proofs and arise out of the same transaction. The defendant had possession of the court file when she filed her 1992 motion. See, Defendant's affidavit, Motion to Open and Set Aside, June 26, 1992. The court file contained the same two appearances, the same two variant "separation agreements," and the same financial affidavits that are still there now. The defendant knew in 1992 whether she had been served by sheriff and what the residence address of her husband was.[2] Accordingly, because all the claims raised by the February 1999 motion to reopen judgment were or could have been raised in the 1992 litigation on the motion she filed then, the defendant's Motion to Reopen and Vacate Judgment is barred by the doctrine of res judicata. The defendant has not concluded her evidence on the current motion to reopen the judgment. The court's conclusion, however, is a matter of law and does not require evidence beyond the record. Res judicata can be determined by summary judgment.
The plaintiff also asserts that the February 1999 motion for contempt is also barred by the doctrine of res judicata. The defendant's 1996 motion for contempt was denied by the court after the defendant and her attorney failed to appear for a hearing on the motion. Accordingly, the motion was denied by default, not after a trial on the merits. Neither the defendant nor the attorney she then employed took any action to reopen or appeal the judgment denying the motion at any time after it entered. However, the doctrine of res judicata bars claims on matters previously litigated even where the prior judgment was obtained by default. Slattery v. Maykut, 176 Conn. 147, 157
(1978); Segretario v. Stewart-Warner Corp. , 9 Conn. App. 355, 359
(1986). Despite this, however, the obligation to comply with a court order is a continuing one. While matters arising prior to July 6, 1996 are barred from further litigation by the doctrine of res judicata, therefore, matters arising after that date are not. Accordingly, the parties will have an opportunity to complete the hearing they have begun on the motion for contempt to offer proof which is relevant in light of this opinion.
The plaintiff's objection to the defendant's motion to reopen CT Page 13664 judgment is sustained. The plaintiff's oral motion that the motion for contempt is barred by the doctrine of res judicata is denied in part. Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.