[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Cornelius Percy (hereinafter sometimes "Percy"), is the owner of a commercial building on Walnut Street in Hartford, Connecticut. A sign structure designed for posting billboards is located on the roof of the building. In November 1988, Percy entered into a written agreement (hereinafter "Lease") to lease the billboard structure to Patrick Media Group, Inc. for $3000.00 dollars a year. In November 1991, Patrick Media Group, Inc. assigned its interest in the Lease to Martin Media (hereinafter sometimes "Martin").
The dispute between the parties giving rise to this action began when Percy claimed that Martin had caused damage to the roof and demanded that Martin make repairs to the roof. Martin had the roof inspected by a structural engineer who determined that no repairs were necessary and no damage had been caused by the defendant. Percy then claimed that in, November of 1996, one of Martin's workmen, while on the roof of the building to post billboard, stepped onto an awning and caused structural damage to it. From June of 1997 through September 1997, Percy denied Martin access to the roof and billboard structure unless and until the awning was repaired. On October 1, 1997, Martin filed a small claims action arising out of the denial of access to the CT Page 1425-a billboard structure and was awarded $1000.00 plus costs. Since the filing of the small claims action, Percy has assured Martin he would not interfere with its access to the roof and billboard structure. After September 1997, Martin never sought access to the roof
The present action was brought by Percy against Martin for nonpayment of the annual rent due and payable on November 1, 1997, in the amount of $3000.00. Percy also claims Martin caused damage to a metal awning on the building for which he seeks recovery in the amount of $2,060.
Martin has filed special defenses claiming 1) the doctrine of Res Judicata bars the plaintiff's claims as they were previously adjudicated in the small claims action filed by Martin, 2) this court lacks subject matter jurisdiction[1] and 3) breach of the Lease.
SPECIAL DEFENSE: RES JUDICATA
Because res judicata, when properly raised and established, will bar a claim, the defendant's invocation of this principle must first be resolved. Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 712-13 (1993), and cases cited therein.
The defendant argues that Percy's claim for rent is barred because the matter was previously litigated in a small claims action between the parties. It is important to note at the outset that Martin's special defense asserts the "plaintiff's claims are barred by the Doctrine of Res Judicata." Martin has not asserted Collateral Estoppel or issue preclusion as a special defense. The question before the court is whether the plaintiff's claims are precluded.[2]
"The rule of claim preclusion prevents reassertion of the same claim regardless of what additional . . . legal theories might be advanced in support of it." Delahunty v. Massachusetts MutualLife Ins. Co., 236 Conn. 582, 589 (1996). See also, Tirozzi v.Shelby Ins. Co., 50 Conn. App. 680, 685-6 (October 13, 1998), certification denied, 247 Conn. 945 (December 7, 1998).
Martin's small claims writ entered in court on October 1, 1997, alleged as follows: CT Page 1425-b
 Martin Media, owner of two (2) 12'x 25" posters on the roof of 247 Walnut Street in Hartford, has a lease, #4843, with Cornelius Percy, owner of the property which is due to expire or be renewed November 1, 1997. Mr. Percy claims the metal awning attached to his roof was damaged by an employee of Martin Media on November 1, 1996. Martin Media denies responsibility for this damage. Since June 1997, Mr. Percy has denied access to this roof, preventing Martin Media's employees from posting (putting new advertisements) on the billboards. Martin Media is suing for the four (4) months it has been denied the ability to carry out the terms of the lease.
In his answer dated November 18, 1997, Percy stated, "I have not denied employees of Martin Media access to the roof of my property — I have merely requested that they pay for damages to my roof sign and roof." The Small Claims Magistrate ruled in favor of Martin and awarded $1000.00 in damages and $30.00 for costs.
On the face of the pleadings, the only issue before the court in the small claims action was Martin's entitlement to compensation for the four months it had allegedly been denied the ability to carry out the terms of the lease. The defendant points to Percy's answer as a "demand . . . that Martin pay for the damaged awning."
This court does not agree. Percy's answer in the small claims action makes no reference to "awning" damage. Percy did not file a counterclaim for rent or property damage, nor did he seek any set-off in the small claims action. The judgment states only that "[t]he defendant owes $1000.00 damages and $30.00 costs for a total of $1,030.00.
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have been made. . . . [T]he appropriate inquiry with respect to (claim] CT Page 1425-c preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. . . ." (Brackets in original; emphasis in original; citations omitted; internal quotation marks omitted.) Connecticut National Bank v. Rytman,241 Conn. 24, 43 (1997).
The claims raised in this action were not litigated in the small claims action; they were not raised by Percy. The issue whether a defendant in an action is required to raise all possible claims against the plaintiff or be forever precluded from doing so under the Doctrine of Res Judicata was addressed by Judge Teller in Jeans on v. Lazier, No. CV-93-0529717 (Jan. 22, 1998) and by Judge Conradina in Baptisia v. DeNegris, Superior Court, judicial district of Hartford-New Britain at Hartford. Docket No. 525774 (September 16, 1994), (10 CONN. L. RPTR. 453). I, as did they, conclude that a defendant in an action is not required to raise all possible claims against the plaintiff or be forever barred from doing so. I further conclude that Res Judicata does not preclude the plaintiff from litigating the nonpayment of rent claim and claim of property damage claim in the present case.
COUNT ONE OF THE COMPLAINT: CLAIM FOR RENT DUE FOR 1997
The Lease provides that rent of $3000.00 shall be payable annually on the first of November during the lease term. The written agreement provides that the Lease is to commence November 1, 1983. After five years, the Lease, absent notice to the contrary, renewed itself for fifteen more years. No such noticc was given to the plaintiff The Lease term includes the periods for which the plaintiff claims rent. The defendant admits that it did not pay rent on November 1, 1997.
Accordingly, unless Martin can prevail on its special defenses to the first count, the plaintiff is entitled to judgment.
SPECIAL DEFENSES TO NONPAYMENT OF RENT
The defendant claims that it was and is relieved of its obligation to pay rent because the plaintiff breached the Lease CT Page 1425-d by actually or constructively evicting Martin in denying access to the billboard structure.
The defendant further claims that it is entitled to reduce the annual rent pursuant to Paragraph 8 of the Lease which provides in pertinent part, as follows:
 In the event that . . . the premises cannot safely be used for the erection or maintenance of lessees' signs thereon for any reason . . . then the Lessees, may at its option, adjust the rent in proportion to the decreased value of the premises for advertising purposes, or may terminate the lease on fifteen days' notice in writing.
The plaintiff denied the defendant access to the roof and the billboard structure for four months and breached the covenant of quiet enjoyment during that period. "The covenant of quiet enjoyment is that the grantee will have legal quiet and peaceful possession, and is broken only by an entry on and an expulsion from the land or from an actual disturbance of possession by virtue of some paramount title or right." Net Realty HoldingTrust v. Nelson, 33 Conn. Sup. 22, 25, 358 A.2d 365 (Super.Ct. 1976). A constructive eviction arises where a landlord, while not actually depriving the tenant of the leased premises, has done or suffered some act which renders the premises untenantable. Thomasv. Roper, 162 Conn. 343, 349, 294 A.2d 321 (1972).
Anticipating interference by Percy, it was reasonable for Martin to conclude that the premises could not be safely used during the period commencing June 1997 through September 1997. Martin pursued its rights under the Lease and sought damages for that period by filing a small claims action in October 1997. Martin claimed and recovered damages in the amount of $1000.00 for the four months it had been denied access — one-third the annual rent of $3000.00. The defendant in its pleadings has characterized that judgment as one that obligates the plaintiff "to return rent."
I find that after September 1997, Martin was assured that CT Page 1425-e access to the roof and billboard would not be denied. After being given assurances that it could go up on the roof to maintain the billboard without interference, Martin chose not to do so. Martin has not notified the plaintiff that it intended to terminate the lease.
There was a breach of the Lease by the plaintiff for four months when the defendant was denied access to the roof during a dispute over roof repairs. Martin was compensated for the disturbance of its quiet enjoyment during the period ending October 31, 1997. The plaintiff in this action is seeking annual rent due for the period commencing November 1, 1997. The defendant was not relieved of its obligation to pay rent due November 1, 1997, because its use and occupancy and its quiet enjoyment under the Lease were no longer disturbed, and because Martin had not terminated the Lease.
The defendant has asserted additional special defenses which either do not state a cognizable defense, which have not been proven or which are encompassed in the discussions above pertaining to res judicata and breach of lease. They do not warrant further discussion other than to state that the defendant cannot prevail.
Accordingly, judgment may enter in favor of the plaintiff on the first count in the amount of $3000.00.[3]
COUNT TWO OF THE COMPLAINT: CLAIM FOR DAMAGE TO PROPERTY
 The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded to their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party. . . ." (Citations omitted, internal quotation marks omitted.)
Cook v. Bieluch, 32 Conn. App. 537, 549-50, cert. denied,228 Conn. 910 (1993). The plaintiff has not sustained his burden to CT Page 1425-f prove the allegations of the second count that the defendant, in the course of posting advertising on the billboard, caused structural damage to a metal awning attached to the plaintiff's building.
Judgment may enter for the defendant on the second count of the complaint.
TANZER J.