[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
This case arises from an incident, at Swift Junior High School in Watertown. Connecticut in which the minor plaintiff. Lindsey Roger, was allegedly injured during an organized gym class taught by the defendant Edward Conlan. The plaintiffs, Lindsey Roger and Deborah A. Roger, her mother and best friend, filed a two-count complaint against the defendants. Town of Watertown (Watertown) and Edward Conlan asserting that the defendant Conlan, a teacher employed by Watertown, was negligent and that the defendant Watertown is vicariously liable pursuant to General Statutes §§ 7-101a and/or 52-557n.
The defendant Watertown filed this motion for summary judgment in which they argue that the claim is barred under the doctrine of res judicata and that the town is not vicariously liable for the acts of the defendant Conlan.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings. affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which. under applicable principles of substantive law, entitle him to a judgment as a matter of law. and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]." (Citations omitted; internal quotation marks omitted.) Dowling v. Finely Associates, Inc.,248 Conn. 364, 369-70, 727 A.2d 1245 (1999). The test to be applied would be whether a party is entitled to a directed verdict on the same facts (Citations omitted.) Gabrielle v.CT Page 4864-wHospital of St. Raphael, 33 Conn. App. 378, 383, 635 A.2d 1232. cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion . . ." (Citations omitted.)Krondes v. Norwalk Savings Society,53 Conn. App. 102, 112 728 A.2d 1103 (1999).
 I. Res Judicata
The defendant first claims that the plaintiffs' claim is barred under the doctrine of res judicata. "The doctrine of res judicata, or claim preclusion. [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it . . .: [T]he judicial doctrines of resjudicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate . . . But the scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Citations omitted; internal quotation marks omitted.) Tirozzi v.Shelby Insurance Company, 50 Conn. App. 680, 685-86, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998).
The parties agree that the plaintiffs previously filed an action against Watertown and the Watertown Board of Education in May 1998 concerning the same incident. The plaintiffs alleged that the defendant Watertown was liable for the negligence of its agents, servants and/or employees pursuant to General Statutes § 7-101a. The complaint against Watertown was stricken since § 7-101a is an indemnification statute and the plaintiffs had failed to name an employee of the Town of Watertown who allegedly was responsible for the claimed injuries. When no other pleadings were filed the court entered judgment on behalf of Watertown.
The defendant Watertown now claims that this judgment is a judgment on the merits for res judicata purposes and the plaintiff is barred from bringing the current action. "In determining whether the judgment is on the same claim as an earlier action so as to trigger CT Page 4864-x the operation of the doctrine of res judicata. our Supreme Court has adopted the transactional test which compares the complaint in the second action with the pleadings and judgment in the earlier action . . . Furthermore, the appropriate inquiry with respect to [claim] preclusion is whether the party had anadequate opportunity to litigate the matter in the earlier proceeding." (Emphasis in original.) Rosenfieldv. Cymbala, 43 Conn. App. 83, 87, 681 A.2d 999 (1996).
Where a motion to strike requires a trial court to decide the merits of the plaintiffs claim, the judgment in the first action is rendered "on the merits" by a court of competent jurisdiction. Tirozzi v. Shelby InsuranceCompany, supra, 50 Conn. App. 686. In this case, however, the court did not decide the merits of the plaintiffs' claim since the basis upon which the motion was granted was the failure of the plaintiff to include a necessary party. See Swift v. McPherson,232 U.S. 51, 56, 34 S.Ct. 239, 58 L.Ed. 499 (1914) (dismissal is not on merits if dismissed for want of jurisdiction); see also Trans World Airlines, Inc. v. Hughes,317 A.2d 114, 119 (Del. 1974), judgment based on defective pleadings or lack of jurisdiction in prior action will not serve as bar to second action), aff'd, 336 A.2d 572, cert. denied, 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 61
(1975). Linden Condominium Association, Inc. v. McKenna,247 Conn. 575, 726 A.2d 502 (1999).
A judgment was not entered in the prior action on the merits and therefore there is no justification in the defendant's claim that the doctrine of resjudicata bars the instant matter.
 II. Derivative Liability
The defendant Watertown's second argument is that the defendant Conlan is not a municipal employee, so therefore there is no basis to hold the defendant Watertown vicariously liable for Conlan's alleged conduct. Watertown claims that Conlan, a teacher at a Watertown school, is an employee of the Watertown Board of Education, not the town of Watertown.
Even if Conlan is an employee of the Watertown CT Page 4864-y Board of Education, Watertown is still potentially liable under General Statutes §§ 7-101a[1] and/or 52-557n.[2]
"Local boards of education . . . are agents of the towns, subject to the law governing municipalities. when acting on behalf of the municipality in its function or mandating control over the public schools within the municipality's limits. R.A. Civitello Co. v.New Haven, 6 Conn. App. 212, 218, 505 A.2d 1277 (1986). The duty to supervise students is performed for the benefit of the municipality.Purzcycki v. Fairfield, 244 Conn. 101, 112, [908 A.2d 937] (1998)." (Internal quotation marks omitted.) Russo v. Town ofGreenwich, Superior Court, judicial district at Stamford. Docket No. 154836 (August 20, 1998) (D'Andrea, J.) (23 CONN.L.RPTR. 62). The cause of action arises from the defendant Conlan's alleged failure to supervise students. Conlan, as an employee of the Watertown Board of Education. was an agent for Watertown, and Watertown may be held vicariously liable under §§ 7-101a and/or 52-557n.
For all of reasons stated above, the court will deny the defendant Watertown's motion for summary judgment.
PELLEGRINO, J.