[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
GRAHAM, JUDGE.
This motion raises the question of whether a plaintiff whose original suit is stricken because of misjoinder may subsequently utilize the accidental failure of suit statute to avoid the CT Page 4682 statute of limitations. This court holds that she may do so.
The movant, Alan Dufault (Dufault), was one of four defendants in the original complaint (CV 94-0494472S) of the plaintiff, Loida Inovejas (Inovejas). The automobile accident in question occurred on March 27, 1997. The original action was filed on February 18, 1999, in the New Britain Superior Court and sought damages from Dufault for personal injuries caused by his negligence.
On May 10, 1999, the only count in the plaintiff's original action pertaining to Dufault was stricken for improper joinder pursuant to Practice Book § 10-39(a)(4), by the court, Graham,J., because the defendants in the original case were drawn from two separate motor vehicle accidents, on different dates and at different locations, having only the plaintiff in common. The court, Shortall, J., subsequently granted the defendant Dufault's motion for judgment on the stricken count.
The plaintiff filed the current action against only Dufault on June 21, 1999, and her claims against him are identical to those in the original suit, excepting the addition of a paragraph citing General Statutes § 52-592. The defendant now moves for summary judgment on the grounds that the applicable statute of limitations, General Statutes § 52-584 bars this current action because the plaintiff did not commence suit within two years of the accident and that the prior action is res judicata. The plaintiff argues that her current action is not barred by the statute of limitations because it falls within the accidental failure of suit statute, General Statutes § 52-592.
"Practice Book § 384 [now § 17-49] provides that summary judgement shall be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Dowling, Sr. v. Finley Associates, Inc., 248 Conn. 364,369, 727 A.2d 1245 (1999). The defendant's motion is properly granted if it "raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999). Proper grounds for the motion include a claim that the action is barred by the statute of limitations. See Doty v. Mucci, 238 Conn. 800, 806, CT Page 4683679 A.2d 945 (1996).
Section 52-584 would ordinarily bar this second suit by plaintiff. It states in relevant part: "No action . . . for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . ." General Statutes § 52-584.
The accidental failure of suit statute § 52-592 (a), states in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated . . . for any matter of form; . . . the plaintiff . . . may commence a new action . . . for the same cause of action at any time within one year after the determination of the original action. . . ." If § 52-592 (a) applies, the plaintiff's current claim is preserved. There is no question that the original action was not "tried on its merits" and that this new action has been commenced "within one year after the determination of the original action." The question is whether the original action was "defeated . . . for any matter of form" when it was stricken for misjoinder.
For more than a century, Connecticut courts have recognized that § 52-592 "is remedial in nature and, therefore, warrants a broad construction." (Internal quotation marks omitted.) PeabodyN.E., Inc. v. Dept. of Transportation, 250 Conn. 105, 125-26,735 A.2d 782 (1999). Section 52-592 "was designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits." (Internal quotation marks omitted.)Bocchino v. Nationwide Mutual Fire Ins. Co., 246 Conn. 378, 392,716 A.2d 883 (1998). Nevertheless, it "does not authorize the reinitiation of all actions not tried on . . . their merits, only those that have failed for . . . any matter of form."[1]
(Internal quotation marks omitted.) Hughes v. Bemer,206 Conn. 491, 494-95, 538 A.2d 703 (1988).
In § 52-592, "[w]here . . . the words were added, `or the action has been otherwise awarded or defeated by the death of a party or for any matter of form,' the obvious intention was to make the statute exceedingly broad and sweeping in its scope. The phrase, `any matter of form,' was used in contradistinction to matter of substance, which embraces the real merits of the controversy between the parties. The phrase refers to the mode of procedure, so that any misconceptions as to the remedy may be included." (Citations omitted; internal quotation marks omitted.) CT Page 4684Tolhurst v. Town of East Hampton, Superior Court, judicial district of Middlesex, Docket No. 066004 (June 23, 1993, Arena,J.) (8 C.S.C.R. 861).
Misjoinder is a procedural defect, neither implicating nor determining the merits of the underlying dispute. See, AndrewAnsaldi Co. v. Planning and Zoning Commission, 207 Conn. 67, 75-6540 A.2d 59 (1988) (Shea, J., concurring). The prior motion to strike determined only that the joinder of two unrelated accidents, each with different defendants, did not satisfy the criteria of Practice Book § 10-21(7) that several causes of action combined in one complaint must "aris[e] out of the same . . . transactions connected with the same subject of action." Had the plaintiff placed the allegations contained in her first complaint against Dufault, then in a separate count, into a separate complaint, the claim would never have been stricken. The failure of the plaintiff's first claim against Dufault, under such circumstances, is a quintessential "matter of form".
The determination that such a misjoinder is a matter of form, invoking the benefits of § 52-592, does not frustrate the purpose of the statute of limitations. "[T]he main purpose of the statute of limitations [is] . . . timely notice to the defendant of the factual allegations against which he will be required to defend."State v. Almeda, 211 Conn. 441, 446, 560 A.2d 389 (1989). Such timely notice was achieved because Dufault was a named defendant in the original action with identical allegations against him. The defendant has not claimed any prejudice from the additional passage of time.
Finally, this holding is consistent with "the strong policy favoring the adjudication of cases on their merits rather than the disposal of them on the grounds enumerated in § 52-592 (a)";Peabody N.E., Inc. v. Dept. of Transportation, supra,250 Conn. 127; for "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574,392 A.2d 440 (1978).
Nor does the court agree that the prior judgment, based upon the striking of the count against Dufault for misjoinder, is res judicata as to this second action. Res judicata requires either a decision on the merits; see Tirozzi v. Shelby Ins. Co.,50 Conn. App. 680, 686, 719 A.2d 62, cert. denied, 247 Conn. 945,723 A.2d 323 (1998) or a judgment by consent, see Hughes v. Bemer, supra, CT Page 4685206 Conn. 495. A judgment, following the granting of a motion to strike because a plaintiff failed to state a cause of action, is a decision on the merits and not a matter of form. See Tirozzi v.Shelby Ins. Co., supra, 50 Conn. App. 686.
The court's granting of the motion to strike in the original suit against Dufault was, however, not upon the basis that the plaintiff had failed to state a legally sufficient cause of action, which necessarily tests the legal merits of the plaintiff's claim, but upon the strictly procedural basis that the plaintiff had improperly joined two insufficiently related causes of action in one complaint, which in no way tested the merits of the plaintiff's claim. Accordingly, res judicata does not apply.
For the foregoing reasons, the defendant's motion for summary judgment is denied.
James T. Graham
Superior Court Judge