[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed several motions for contempt since July, 1999 alleging a failure on the part of the defendant to comply with the judgment of July 26, 1989 dissolving the parties' marriage. The defendant claims that the plaintiff is barred from relief concerning some of her claims by the doctrine of res judicata.
The parties had one child, who was born on January 24, 1982 and turned eighteen in 2000. The judgment required the defendant to pay $125.00 per week as child support, to pay for and provide medical insurance for the child, and to carry $150,000.00 in life insurance for the benefit of the child until the child turned twenty-two. The life insurance requirement was later modified to provide that the defendant would provide life CT Page 13468-cm insurance until the child turned twenty-five. At the same time, the judgment was modified to provide that each party would contribute one-half of the child's college expenses incurred prior to her twenty-fifth birthday.
Although the amounts were never large, it appears to have been difficult for the plaintiff to get the defendant to pay for the health insurance or unreimbursed medical expenses, or to provide for the correct amount of life insurance. On July 7, 1999, the plaintiff's prior counsel filed a motion for contempt, alleging that the defendant was in violation of court orders concerning health insurance premiums, unreimbursed medical and pharmaceutical bills, and the life insurance requirement. The plaintiff's present counsel filed two amended motions addressing only the issue of life insurance, and the parties entered into a stipulated agreement on November 17, 1999. The stipulation modified the amount of life insurance required to $100,000.00 and required to defendant to pay $1,000.00 as sanctions prior to April, 2000.
The defendant claims that the plaintiff is barred by the doctrine of res judicata from pursuing claims now that were in existence at the time of the stipulated agreement in 1999. It is true that the doctrine of res judicata bars relitigation of issues which were raised in a prior lawsuit as well as those which might have been raised. Bridgeport Hydraulic Co.v. Pearson, 139 Conn. 186, 196 (1952); also see Lehto v. Sproul,9 Conn. App. 441, 444 (1987) and Tirozzi v. Shelby Insurance Co.,50 Conn. App. 680, 685, cert. denied, 247 Conn. 945 (1998). To determine whether an issue is precluded by the doctrine, the court is required to employ a transactional analysis. Duhaime v. American Reserve LifeInsurance Co., 200 Conn. 360, 364-65 (1986).
This court holds that the doctrine of res judicata may not be used to bar subsequent litigation of issues raised by motion in a dissolution of marriage case if those issues remained unresolved at a time when other pending issues raised by the same or other motions were resolved by stipulation. The first reason for this holding is the court's recognition that parties to a dissolution often raise multiple issues by motion but are sometimes able to resolve only some of them by their negotiation. The doctrine of res judicata is both a rule of rest for the parties and a rule of judicial economy for the court, preventing the relitigation of the same issue over and over again. If parties to dissolution actions were required to resolve all pending motions or issues in every pendente lite or post judgment negotiation, matters that can be resolved would not be. The parties would be required to litigate all or most issues or abandon them, rather than being free to negotiate some. The result would CT Page 13468-cn provide neither rest for the parties nor economy for the court.
In addition, the plaintiff did have three motions pending at the time the stipulation was reached, one dealing with all issues and two dealing only with the life insurance issue. It is not possible to determine on which of those motions the parties actually went forward. Finally, res judicata must be specially pled as a defense. Practice Book, Section 10-50. That was not done here.
The defendant has violated the orders of the court contained in both the judgment and the stipulated agreement of November, 1999. The court finds the arrearages for each claimed violation and orders payment as follows:
 1. Regarding the sanctions ordered in November, 1999, the defendant has failed and refused to pay $600.00 as ordered, and is hereby ordered to pay $600.00.
 2. Regarding unpaid medical insurance premiums, the defendant failed and refused to pay $486.24 and is hereby ordered to do so.
 3. Regarding unpaid medical bills for the child, the defendant failed and refused to pay $136.12 and is hereby ordered to do so.
In addition, the defendant is ordered to pay the plaintiff $1,000 toward her attorneys fees for the prosecution of her motions for contempt.
The total amount that the defendant shall pay is $2,222.36. He shall make payments of $40.00 per week beginning on October 1, 2001 until he has paid the amount in full.
So ordered.
BY THE COURT,
GRUENDEL, J.