HEBREW HOME AND HOSPITAL, INC. *v.*
JOSEPH NEIMAN ET AL.
(2106)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued November 7—decision released December 11, 1984

*Jeffrey L. Polinsky,* for the appellant (named defendant).

*Ben M. Krowicki,* with whom, on the brief, was *Peter L. Lawrence,* for the appellee (plaintiff).

PER CURIAM. The named defendant, Joseph Neiman,[1] appeals[2] from the damages aspect, only, of a summary judgment rendered against him in the amount of $11,919.26, for charges incurred on behalf of his mother, Anna Neiman, at the plaintiff nursing home.

The defendant admitted that he guaranteed his mother's bill for the period between her admission to the nursing home and her eventual receipt of social security benefits which thereafter covered all of her expenses. The plaintiff's affidavit, signed by David Houle, vice president and controller of the Hebrew Home, merely stated an unitemized total amount due.

Although we would not normally condone an unitemized bill where the need to prove the claimant's damages would require supporting facts, the defendant did not object, either in the trial court or on appeal, to the skeletal nature of the plaintiff's affidavit.

If the defendant was unable to oppose the motion for summary judgment because of a lack of knowledge of the composition of the total bill, he should have filed an affidavit to that effect pursuant to Practice Book § 382.[3] At that time, the court would have taken the appropriate action required under the circumstances. We deem, therefore, that the defendant waived any objection to any deficiencies in the form of the affidavit.

---

[1] Although this action was originally brought against both Joseph Neiman and Walter Neiman, the latter has been dropped as a party and is not involved in this appeal. We therefore refer to Joseph Neiman as the defendant.

[2] The appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[3] Practice Book § 382 reads as follows: "Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

The defendant's own affidavit did not comply with Practice Book § 381.[4] The defendant's affidavit, therefore, did not raise a genuine issue of material fact. Thus, summary judgment was appropriate. Practice Book § 384; *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Batick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 372, 260 A.2d 596 (1969); *DiUlio* v. *Goulet,* 2 Conn. App. 701, 703, 483 A.2d 1099 (1984).

There is no error.

---

[4] Practice Book § 381 requires supporting and opposing affidavits to include "such facts as would be admissible in evidence." The defendant's affidavit stated only that "this guaranty was not intended to be a blank check; it was intended to cover actual and necessary care given to Anna Neiman. . . . This file will show that an Offer of Judgment in the amount of FIVE THOUSAND (5,000) DOLLARS was made by the undersigned. Said offer . . . . is deemed to be the amount actually due." Such a conclusory statement cannot be said to include admissible evidentiary facts.