GERALD E. FENGLER ET AL. *v.* NORTHWEST CONNECTICUT HOMES, INC., ET AL.
(7620)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 13—decision released August 1, 1989

*Robert P. Hanahan,* for the appellants (plaintiffs).

*Benson A. Snaider,* with whom, on the brief, was *Britta Schneider,* for the appellees (defendants).

DUPONT, C. J. The dispositive issue of this appeal is whether the trial court erred when it imposed the payment of the defendants' counsel fees as a condition of allowing the plaintiffs to amend their complaint during trial.

The facts as found by the trial court are that the defendants[1] agreed in writing to complete certain work on the plaintiffs' house, and that, as the defendants conceded, the value of the uncompleted work was $4067.19. Since the court found that the plaintiffs were not entitled to damages for other items not listed on the written agreement, the court rendered judgment for the plaintiffs in the amount of $4067.19.[2] From this judgment, the plaintiffs appeal.[3]

The plaintiffs attempted to amend their complaint during the second day of the trial. In that amendment, the plaintiffs sought to add a second count for breach of the defendants' statutory obligations under General Statutes §§ 47-118 and 47-119. The court conditioned the "right to file this amendment . . . upon the payment to the defendants of additional expense occa-

---

[1] H & S Contractors, Inc., and Energy Homes, Inc., agreed to construct a residential home on land that they were to convey to the plaintiffs. The named defendant and the defendant Mark Cooper allegedly assumed the obligations of H & S Contractors, Inc., and Energy Homes, Inc.

[2] While their suit was pending, the plaintiffs collected $5035 from the defendants. The parties agreed that this amount should be credited against the trial court's award. Thus, were the trial court's judgment to remain in effect, the defendants would have overpaid the plaintiffs $967.81.

[3] The plaintiffs also claim on appeal that the trial court was precluded by the doctrine of judicial estoppel from limiting their claim for damages to the written agreement rather than allowing them to attempt to prove all the damages claimed under the initial construction contract. We need not reach that issue because of our disposition of the plaintiffs' first claim.

sioned by this late amendment and interruption of this trial." The defendants' counsel estimated such costs to be between $2500 and $3500. The plaintiffs elected to proceed without filing the amendment.

Practice Book § 176 provides in pertinent part: "If the amendment occasions delay in the trial or inconvenience to the other party, the court may award costs in its discretion in his favor." General Statutes § 52-130 provides in pertinent part that "in any case when a party amends or alters any part of the pleadings or pleads anew, if it occasions any delay in the trial or inconvenience to the other party, he shall be liable to pay costs at the discretion of the court." It is apparent from a plain reading of the procedural and statutory rules that the trial court may award attorney's fees once an amendment has been made by a party if it causes delay in the trial or inconvenience to the other party. The rules do not, however, grant the trial court the authority to impose the payment of such fees as a condition precedent to allowing a party to amend their complaint during trial.

The defendants argue that the plaintiffs waived their right to amend their complaint. The plaintiffs, however, did not intentionally and voluntarily decide not to amend their complaint. Rather, they were faced with the Hobson's choice of proceeding without amending their complaint or amending the complaint and facing the imposition of attorney's fees. The court had the discretion to allow or disallow the plaintiffs' amendment, but the court could not condition the amendment upon the payment of counsel fees. Since it cannot be known how the trial would have proceeded or what evidence would have been introduced had the plaintiffs been allowed to amend their complaint, a new trial is necessary.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.