GERALD E. FENGLER ET AL. *v.* NORTHWEST CONNECTICUT HOMES, INC., ET AL.
(13783)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued April 10—decision released June 12, 1990

*Benson A. Snaider,* for the appellants (defendants).

*Robert P. Hanahan,* for the appellees (plaintiffs).

HULL, J. The plaintiffs, Gerald E. and Linda R. Fengler, instituted this action to recover for the alleged breach of a construction contract by the defendants, Northwest Connecticut Homes, Inc., and Mark Cooper. During the second day of trial, the plaintiffs sought to amend their complaint to add a count for breach of statutory obligations. Upon the court's statement that the plaintiffs would be subject to payment of the defendants' expenses incurred as a result of the late amendment, the plaintiffs declined to proceed on the amendment and completed the trial on the original complaint. The court thereafter rendered judgment in the plaintiffs' favor on the original complaint.

The plaintiffs appealed to the Appellate Court, claiming that the trial court should not have: (1) conditioned permission to amend the complaint on the plaintiffs' payment of the defendants' expenses incurred as a result of the late amendment; and (2) limited the plaintiffs' claim for damages to the written agreement

between the plaintiffs and the defendants.[1] The Appellate Court reached only the first issue, which it found for the plaintiffs and thus set aside the trial court's judgment and remanded the case for a new trial. *Fengler* v. *Northwest Connecticut Homes, Inc.*, 19 Conn. App. 280, 562 A.2d 77 (1989).

We granted certification on the defendants' petition, limited to the following questions: (1) "Did the Appellate Court err in concluding that the trial court had no authority to condition the allowance of an amendment to a complaint adding a second count for breach of [statutory obligations] upon the payment by the plaintiff[s] of additional expenses occasioned by the late amendment and interruption of the trial?" and (2) "Did the Appellate Court err in concluding that the absence of such an amendment was so prejudicial as to require that the judgment upon the original complaint be set aside?" We answer the first of these questions in the affirmative and, therefore, reverse the decision of the Appellate Court.[2] The case is remanded to the Appellate Court for consideration of other issues that, although raised by the plaintiffs' appeal, were not reached by that court.

The following procedural facts are relevant to this certified appeal. The plaintiffs' original complaint alleged a breach of contract arising from the defendants' failure to complete certain repairs on the plain-

---

[1] H & S Contractors, Inc., and Energy Homes, Inc., agreed to construct a residential home on land that they were to convey to the plaintiffs. The defendants allegedly assumed the obligations of H & S Contractors, Inc., and Energy Homes, Inc. Sometime thereafter, the defendants agreed in writing to complete certain work on the plaintiffs' house. The trial court limited the plaintiffs' claim for damages to the written agreement and did not allow the plaintiffs to attempt to prove all the damages claimed under the initial construction contract. See *Fengler* v. *Northwest Connecticut Homes, Inc.*, 19 Conn. App. 280, 281, 562 A.2d 77 (1989).

[2] Given our disposition of the first certified question, we need not reach the second question.

tiffs' newly constructed home. On the second day of trial, the plaintiffs sought to amend their complaint by adding a second count that alleged a breach of the implied statutory warranty of fitness under General Statutes §§ 47-118 and 47-119. The defendants objected to the amendment.

During the colloquy that followed, the court stated to the plaintiffs' counsel: "Now, in the midst of this trial you want to amend the complaint, which is going to force a further delay in the disposition of this matter." The court noted that certain Practice Book and statutory provisions contemplated the circumstances created by the late amendment. Practice Book § 176 provides in pertinent part: "If the amendment occasions delay in the trial or inconvenience to the other party, the court may award costs in its discretion in his favor." General Statutes § 52-130 provides in pertinent part: "[I]n any case when a party amends or alters any part of the pleadings or pleads anew, if it occasions any delay in the trial or inconvenience to the other party, he shall be liable to pay costs at the discretion of the court." Given these provisions, the court inquired of the defendants' counsel about any extra attorney's fees that would be incurred if the court were to allow the amendment and continue the trial. Defense counsel estimated such fees at approximately $2500 to $3500. The court then stated: "[T]he Court would feel if there was shown to the satisfaction of the Court that there was additional expense occasioned by this situation that the defendant would be entitled to those costs." The court noted that such an award would be made whether there was a favorable or unfavorable ruling. Rather than agree to pay such costs, the plaintiffs declined to proceed with the motion to amend and made, instead, an offer of proof as to what evidence they would have proffered had the motion to amend unconditionally been granted.

We note at the outset that the first certified question is somewhat inartfully drawn in its reference to the payment of "additional expenses" caused by the late amendment. Although the court did on occasion use the term "expenses," it is clear from the record that the trial court and counsel were basically concerned with additional counsel fees. We conclude, therefore, in order to avoid further muddying of the waters, not to expand the first reserved question, as is our prerogative; *State* v. *Torrence,* 196 Conn. 430, 433–34, 493 A.2d 865 (1985); but rather to refine the reserved question by substituting for the term "additional expenses" the term "additional costs, including attorney's fees."

The Appellate Court concluded that "[i]t is apparent from a plain reading of [Practice Book § 176 and General Statutes § 52-130] that the trial court may award attorney's fees once an amendment has been made by a party if it causes delay in the trial or inconvenience to the other party." *Fengler* v. *Northwest Connecticut Homes, Inc.,* supra, 282. In applying § 176 and § 52-130 to the facts of the present case, however, the Appellate Court concluded that the rules do not "grant the trial court the authority to impose the payment of such fees as a condition precedent to allowing a party to amend [its] complaint during trial." Id. According to the Appellate Court, therefore, the trial court in the instant case "had the discretion to allow or disallow the plaintiffs' amendment, but [it] could not condition the amendment upon the payment of counsel fees." Id. While we agree with the Appellate Court that the rules authorize the trial court to award attorney's fees incurred as a result of a late amendment, we do not agree that the ruling of the trial court in the instant case constituted an abuse of its discretion.

The Appellate Court stated in a rather conclusory fashion that the rules provide that the trial court may award attorney's fees when an amendment made by

a party causes delay in the trial or inconvenience to the other party. The reasons for this conclusion deserve some further discussion. While we cannot embellish the guidepost of plain meaning relied upon by the Appellate Court, we rely on three additional reasons that support the conclusion that the term "costs" as used in § 176 and § 52-130 is not limited to traditional common law and statutory costs. First, § 176 and § 52-130 provide that the court may award such costs in its "discretion." An examination of General Statutes § 52-257, entitled "[f]ees of parties in civil actions," reveals that most of the awards are automatic assessments, not involving the discretion of the court. The principal exceptions to this general rule are subsection (d) concerning minor specific matters and subsection (e) reserving to the court its time-honored discretion in taxing costs in actions in which equitable relief is granted. Second, the provision for costs that the court may award in its discretion against an amending party does not depend upon whether that party prevails on the issues. This is in marked contrast to the general cost provisions in Practice Book §§ 406 through 427 and § 52-257. Finally, the party moving to amend, if he prevails, would still be entitled to his customary costs. In light of these considerations, we conclude that the purpose of § 176 and § 52-130 is to include attorney's fees among the costs that may be assessed against the amending party.

The trial court properly relied on these rules in informing the plaintiffs that they would be assessed for the additional attorney's fees that resulted from the late amendment. That the court "conditioned" its permission to add the amendment on payment of such costs is of no consequence. The trial court had the authority to authorize an award of costs, including attorney's fees, in conjunction with its discretionary ruling granting the plaintiffs' belated request to amend.

By not assessing the costs at the time the court ruled on the amendment, the court preserved for the plaintiffs the opportunity to challenge, at a later time, the specific amount of the costs that the plaintiffs would be assessed.

The procedure adopted by the court is preferable to granting the motion to amend and subsequently, without advance warning, holding a hearing to assess the amount of the costs to be awarded. The practicality of this procedure is demonstrated by the fact that, after having been advised by the court of a possible liability of $2500 to $3500 for attorney's fees, the plaintiffs, who sought only $6000 in damages beyond those conceded by the defendants at trial, did not press the amendment further. The rule and the statute, therefore, operated in a very efficient manner in this day of suffocating court dockets.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.