[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action on an open account seeking damages for goods sold. The plaintiff alleges that during calendar year 1996, it sold and delivered merchandise to the defendant and that a balance is due in the amount of $5,390.76 which the defendant has refused to pay. A "Statement of Account" is attached to the complaint as an exhibit. The defendant has denied the two paragraphs of the complaint.
The plaintiff has moved for summary judgment. In support of that motion, the plaintiff has submitted an affidavit of the president of the plaintiff corporation attesting that the defendant owes $5,390.76 on an open account. In opposition to the motion for summary judgment, the defendant has submitted her own affidavit which, on personal knowledge, attests "that the amounts alleged due and owing Plaintiff as [sic] incorrect, not properly reflecting for set-offs, returned and/or damaged items, credits, etc., and must make further investigation into such as to determine amounts due and owing plaintiff, if any[1]."
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § CT Page 8598 384 [now Practice Book (1998 Rev.) § 17-49][2]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664-65, 646 A.2d 143 (1994). Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." (Internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202-203,663 A.2d 1001 (1995). Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial. See Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980) (`[i]ndeed, the whole summary judgment procedure would be defeated if, without any showing of evidence, a case could be forced to trial by a mere assertion that an issue exists')." Great Country Bank v. Pastore,241 Conn. 423, 435-36, 696 A.2d 1254 (1997).
"A party must substantiate his adverse claim byspecifically showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Footnote omitted; emphasis added.) Farrell v.Farrell, supra. The defendant's conclusory affidavit fails this test. It does not specifically show by facts as would be admissible in evidence that there exists a genuine issue of fact. See Hebrew Home Hospital, Inc. v. Neiman, 3 Conn. App. 51, 53,53 n. 4, 484 A.2d 486 (1984). For example, no specific amounts or items are claimed "for set-offs, returned and/or damaged items, credits, etc." nor does the defendant identify what she claims the balance to be. To allow such a Spartan affidavit as this to force a case to trial would subvert the salutary purpose of summary judgment "in this day of suffocating court dockets";Fengler v. Northwest Connecticut Homes, Inc.,215 Conn. 286, 292, 575 A.2d 696 (1990); CT Page 8599 in which the taxpayer is repeatedly called on to finance an ever-expanding judiciary. These deficiencies in the defendant's affidavit distinguishes this case from Rusco Industries, Inc. v. Hartford Housing Authority,168 Conn. 1, 5, 357 A.2d 484 (1975).
The plaintiff's motion for summary judgment is granted. Judgment may enter for the plaintiff in the amount of $5,390.76 plus $269.00 interest and taxable costs.
BY THE COURT
Bruce L. Levin. Judge of the Superior Court