## WILLIAM H. HONAN ET AL. *v.* JOSEPH DIMYAN ET AL.
### (AC 20340)

Spear, Dranginis and Peters, Js.

Argued February 27—officially released June 12, 2001

*Nancy Burton*, for the appellants (plaintiffs).

*Joseph DaSilva, Jr.*, with whom, on the brief, was *Joseph Dimyan*, for the appellee (defendant Joseph Dimyan).

*Opinion*

DRANGINIS, J. The plaintiffs appeal from the judgment of the trial court granting the defendants' bill of costs. On appeal, the plaintiffs claim that the court abused its discretion because it (1) failed to disqualify itself, and (2) awarded costs for subpoenas that were not shown to have been served and from which no testimony resulted. We affirm the judgment of the trial court.

This appeal arises from a long-standing and contentious dispute between the plaintiffs, William H. Honan and his three children,[1] and the defendants, attorney Joseph Dimyan and his law firm, Coury and Dimyan.[2] The dispute centers on the defendants' representation of June Burton and Milton Burton, the maternal grandparents of the plaintiff children, in an action that was brought in 1990 in which the grandparents claimed that Honan and his wife, Nancy Burton,[3] had denied the grandparents reasonable visitation with their grandchildren. The grandparents did not prevail in that action. The plaintiffs then filed an action against Dimyan and his law firm, the grandparents' attorneys, alleging, inter alia, abuse of process, intentional infliction of emotional distress and invasion of privacy. The jury returned a verdict for the defendants on all counts. The plaintiffs subsequently appealed, claiming, inter alia, judicial misconduct by the presiding judge, *Stodolink, J.* This court affirmed the judgment in *Honan* v. *Dimyan*, 52 Conn. App. 123, 726 A.2d 613, cert. denied, 249 Conn. 909, 733

---

[1] The other plaintiffs are Edith Honan, Daniel Honan and Bradley Honan.

[2] The defendant law firm Coury and Dimyan is not a party to this appeal. We therefore refer in this opinion to Dimyan as the defendant unless otherwise indicated.

[3] Nancy Burton was a party in a matter involving a petition for visitation that was brought by June Burton and Milton Burton, but was not a party to the action that gave rise to this appeal. She is, however, trial and appellate counsel for the plaintiffs, who are her husband and three children.

A.2d 227 (1999), which, for purposes of clarity, we refer to as *Honan I.*

On September 9, 1999, Dimyan filed a bill of costs in the trial court pursuant to General Statutes § 52-257 seeking recovery, amounting to $1588.50, for costs before and during the trial, which included subpoenas and depositions, costs associated with the appeal and costs for "difficult/extraordinary cases." On September 20, 1999, the plaintiffs objected to the bill of costs on the ground that the defendants and their counsel, Thomas F. Maxwell, Jr., had engaged in various misconduct before and during the trial.[4]

Following a proceeding on November 10, 1999, the trial court clerk taxed costs in the amount of $1088.50, denied costs for the appeal ($300) and directed the defendants to file a bill of costs with the appellate clerk for costs relating to the appeal.[5] The clerk further informed Dimyan that his request for $200 for a "difficult/extraordinary" case would be referred to Judge Stodolink for consideration at a hearing to be held on November 23, 1999. Prior to the hearing, the defendants withdrew their "difficult/extraordinary case" claim for the $200.

---

[4] The plaintiffs claimed that the defendants had tainted the proceedings before trial and at trial by (1) stealing an exhibit from a public library, (2) harassing and intimidating witnesses, (3) obstructing and interfering with the plaintiffs' depositions, (4) conspiring with a judge of the Superior Court, *Moraghan, J.,* to interfere with the plaintiffs' case and (5) subpoenaing individuals who did not testify. The plaintiffs further claimed misconduct by Judge Stodolink for failing to disqualify himself from the trial due to his alleged prejudice against the plaintiffs. The plaintiffs also claimed that they had "proved at trial that the defendants abused [the] legal process, instituted vexatious litigation, tortiously invaded the plaintiffs' privacy and defamed the plaintiffs by lying to the news media." We note that the jury found for the defendants in the underlying action.

[5] The defendants filed a bill of costs with the appellate clerk on December 2, 1999. The appellate clerk subsequently denied the bill of costs as untimely pursuant to Practice Book § 71-2.

On November 10 and 24, 1999, the plaintiffs filed motions for review of the taxation of costs and for a hearing pursuant to Practice Book § 18-5. On December 7, 1999, the day of the hearing, the plaintiffs filed a supplemental objection to the bill of costs and a motion to disqualify Judge Stodolink from the proceedings for review of the defendants' bill of costs. The court, *Stodolink, J.,* denied the motion for disqualification, proceeded with the hearing and upheld the clerk's taxation of costs. This appeal followed.

I

The plaintiffs first claim that the court, *Stodolink, J.,* improperly denied their motion for the judge to disqualify himself. The plaintiffs claim that Judge Stodolink should have recused himself because, at a deposition taken on January 28, 1999, in *Monsky* v. *Moraghan,* United States District Court, Docket No. 3:97CV01616 (PCD) (D. Conn. April 21, 1999), aff'd, United States Court of Appeals, Docket No. 99-7822 (2d Cir. June 1, 2000),[6] he testified[7] that he harbored prejudice against the plaintiffs' counsel, Nancy Burton, stemming from her motion to disqualify him from the jury trial in *Honan I.* He further stated in that deposition that he would have recused himself from that trial were it not a jury trial and that he would not preside over any proceedings involving Nancy Burton in the future.[8] The plaintiffs further claim that Judge Stodolink should have recused himself from hearing the matter involving the bill of costs because he permitted misconduct to occur in the course of *Honan I.* Finally, the plaintiffs claim that

---

[6] In that action, the plaintiff alleged that Judge Moraghan violated her civil rights by engaging in conduct against the plaintiff and the plaintiff's counsel, Nancy Burton, in retaliation for the plaintiff's having brought a previous action against him.

[7] Judge Stodolink was deposed as a witness for the defendant.

[8] The plaintiffs have failed to provide this court with a transcript of the deposition.

Judge Stodolink should have recused himself because he is a named defendant in an action brought by Nancy Burton that is pending in the United States District Court for the District of Connecticut.[9] We decline to review the plaintiffs' claim.

We conclude that this court resolved the issue of the alleged judicial misconduct on the part of Judge Stodolink in the plaintiffs' previous appeal and that the plaintiffs' claim, is, therefore, barred.[10] Because we previously decided this issue, premised on the same factual allegations, we need not address the plaintiffs' claim.[11]

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . Furthermore, [t]he judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a

---

[9] *Burton* v. *Moraghan*, United States District Court for the District of Connecticut, Docket No. 3:98CV1490 (AHN).

[10] "Res judicata, as a judicial doctrine . . . should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose . . . ." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Presnick*, 216 Conn. 135, 139, 577 A.2d 1058 (1990) (res judicata applicable to presentment proceedings).

[11] In his brief, the defendant claims that the plaintiff raised the same ground for disqualification in her appeal from the jury award. The plaintiff, in her reply brief, addressed the defendant's assertion that the claim had been disposed of by this court in *Honan I.*

matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. . . . The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Citations omitted; internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, 50 Conn. App. 680, 685–86, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998).

"The transactional test measures the preclusive effect of a prior judgment, which includes any claims relating to the cause of action that were actually made or might have been made. . . . A cause of action for the purpose of the transactional test is the group of facts which is claimed to have brought about an unlawful injury to the plaintiff . . . ." (Citations omitted; internal quotation marks omitted.) *Legassey* v. *Shulansky*, 28 Conn. App. 653, 657, 611 A.2d 930 (1992). "The fact that a prior judicial determination may be flawed . . . is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked. . . . If the judgment [in the prior action] is erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." (Internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, supra, 50 Conn. App. 686. It is well settled that "[a] judgment may be final in a res judicata sense as to a part of an action although litigation continues as to the rest." (Internal quotation marks omitted.) *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 397, 685 A.2d 1108 (1996), overruled in part on other grounds, *State* v. *Salmon*, 250

Conn. 147, 155, 735 A.2d 333 (1999). Thus, res judicata may operate to preclude a claim decided in a previous proceeding within the same case. See id., 397–98, and cases cited therein. "[F]or purposes of res judicata, a judgment will ordinarily be considered final if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication." (Internal quotation marks omitted.) Id., 398–99.

In *Honan I*, the plaintiffs argued on appeal that the trial court, *Stodolink, J.*, improperly denied their motion for a new trial, which they had based on the purported misconduct of the trial court judge and defense counsel. In that case, the plaintiffs argued that Judge Stodolink "bears a serious animus against the Honan family," referring to several alleged incidents that they claimed involved harassment and intimidation. After hearing oral argument, we concluded that the plaintiffs had failed to provide any legal analysis in support of their claim of judicial misconduct; *Honan I*, supra, 52 Conn. App. 136; and we were not persuaded that the incidents were so prejudicial as to deprive the plaintiffs of a fair trial. Id. *Honan I* is a final judgment for purposes of res judicata because it concluded the rights of the plaintiffs and the defendants such that further proceedings could not affect them.

On February 2, 1999, before we rendered our decision in *Honan I*, the plaintiffs moved to stay the appeal and to further develop the record. In their motion, the plaintiffs informed the court of Judge Stodolink's January 28, 1999 deposition testimony. The motion, however, was denied.

The plaintiffs again argue, in the present appeal, that Judge Stodolink was prejudiced against them and, therefore, should have been disqualified from this case,

specifically, from the hearing on the bill of costs. The plaintiffs' prior claim of judicial misconduct and the one presently before us are virtually identical. In essence, the plaintiffs reiterate their previous claim, but now ask that we also consider the January 28, 1999 deposition testimony of Judge Stodolink, which was taken after oral argument was heard in *Honan I*, but before that appeal was decided.[12] The plaintiffs cannot reassert their claim by proffering additional or new evidence. See *Tirozzi* v. *Shelby Ins. Co.*, supra, 50 Conn. App. 686–87.

Furthermore, we note that after we rendered a decision in *Honan I*, the plaintiffs did in fact petition our Supreme Court for certification to appeal from our decision. See *Honan* v. *Dimyan*, 249 Conn. 909, 733 A.2d 227 (1999). The plaintiffs claimed, inter alia, that this court improperly (1) found that there was no judicial misconduct, and (2) denied their motion to stay the appeal and to further develop the record. Thus, the plaintiffs argued that Judge Stodolink should have been disqualified because he had admitted that he was prejudiced against Nancy Burton. The plaintiffs also raised the issue of this court's denial of their motion to stay the appeal. Our Supreme Court denied the petition for certification to appeal. Id.

We conclude that the plaintiffs' claim is barred. The plaintiffs had the opportunity to litigate fully the matter of judicial misconduct. Both parties submitted appellate briefs on the issue in *Honan I*, and both parties participated in oral argument. Whether Judge Stodolink should have been disqualified for allegedly permitting misconduct to occur during trial was decided by this court in the plaintiffs' previous appeal. In that case, we concluded that the alleged misconduct was not so

---

[12] The court in *Honan I* heard oral argument on December 8, 1998, and rendered its decision on March 2, 1999.

prejudicial as to deprive the plaintiffs of a fair trial. *Honan I,* supra, 52 Conn. App. 136. We will not permit the plaintiffs to relitigate the matter.

We similarly decline to review the plaintiffs' claim that Judge Stodolink should have recused himself from hearing the bill of costs matter because he allegedly permitted misconduct to occur in the course of the *Honan I* trial.

The plaintiffs also claim that Judge Stodolink should have recused himself because he is a defendant in an action brought by Nancy Burton that is pending in the United States District Court for the District of Connecticut.[13] Although that action was filed on July 29, 1998, well before the appeal in *Honan I* was argued in this court, the plaintiffs did not point to that fact in support of their claim of judicial misconduct in *Honan I.* The doctrine of res judicata, precludes "any claims relating to the cause of action that were actually made or *might have been made*"; (emphasis added; internal quotation marks omitted) *Legassey* v. *Shulansky,* supra, 28 Conn. App. 657; and "prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.,* supra, 50 Conn. App. 685. Moreover, the plaintiffs fail to provide either a factual basis regarding the pendency of the federal court action or a legal analysis as to how it would disqualify Judge Stodolink.

II

The plaintiffs next claim that the court abused its discretion in awarding costs for subpoenas that were not shown through evidence of sheriffs' bills to have been served and that resulted in no testimony, and

---

[13] See footnote 9.

for duplicate depositions allegedly taken to harass and intimidate the deponents. We disagree.

The plaintiffs claim that of the twenty subpoenas for which the defendants sought costs, only one individual, John Burton, testified pursuant to a subpoena, and therefore the plaintiffs should not have been taxed for the other nineteen subpoenas.[14] The plaintiffs argue that the costs should not have been taxed because of alleged misconduct by the defendants before and during the trial. Specifically, the plaintiffs contend that the subpoenas were malicious, abusive litigation tactics on the part of Dimyan. They further argue that costs for the subpoenas should not have been taxed because the defendants did not offer proof of service of the subpoenas. Finally, the plaintiffs claim that costs for the depositions of June Burton and Milton Burton should not have been taxed because they were taken under harassing and abusive conditions in that the trial court intimidated the Burtons, an elderly couple, into traveling two hours in stormy weather to give duplicate depositions.

The costs subject to taxation in civil actions are fixed by statute. General Statutes § 52-257. As our Supreme Court aptly stated in *Fengler* v. *Northwest Connecticut Homes, Inc.*, 215 Conn. 286, 291, 575 A.2d 696 (1990), "[a]n examination of General Statutes § 52-257, entitled '[f]ees of parties in civil actions,' reveals that most of

---

[14] For the nineteen subpoenas at issue, the plaintiffs argue that one individual appeared at the courthouse, but did not testify; six testified, but as plaintiffs' witnesses; five were employed at the plaintiff children's school; one was the plaintiff children's pediatrician; one was the plaintiffs' former counsel; one was the former counsel for Milton Burton and June Burton; two were family friends of the plaintiffs; and two were unknown to the plaintiffs.

We note that at the hearing, the plaintiffs' counsel stated that she also would object to taxation of costs for the subpoena for John Burton because there was no evidence clearly demonstrating the amount attributable to that individual subpoena. The plaintiffs' brief on appeal, however, addresses only the nineteen aforementioned subpoenas, and we therefore limit our review to issues pertaining to them.

the awards are automatic assessments, not involving the discretion of the court. The principal exceptions to this general rule are subsection (d) concerning minor specific matters [applicable to costs on appeal] and subsection (e) reserving to the court its time-honored discretion in taxing costs in actions in which equitable relief is granted." Among those provisions of § 52-257 that provide for automatic assessments is subsection (b) (6), which provides that parties shall also receive costs "for copies of records used in evidence, bonds, recognizances and subpoenas, court and clerk's fees . . . ."

We reject the plaintiffs' claim that the award of costs for the nineteen subpoenas was an abuse of discretion because the statute provides for the automatic taxation of costs for subpoenas. Furthermore, under that statutory provision, it is clear that the prevailing party may receive costs for subpoenas. The plaintiffs provide no legal support for their contention that costs for the subpoena of a witness not used in a party's case-in-chief are not recoverable and we can find none. We conclude, therefore, that the costs fall within § 52-257 (b) (6) because that subdivision allows a prevailing party to recover costs for subpoenas, and no statute or case law limits the application of that subsection. Although subdivision (b) (7) provides that there is no recovery allowed for return of a subpoena to court, there are no subpoenas in the court file and, therefore, it appears that the subpoenas are taxable to the plaintiffs.

We further reject the plaintiffs' claim that there is no evidence of the subpoenas because the record contains invoices for each subpoena and an affidavit by Dimyan in which he attests that the items in the bill of costs were expenses incurred in the case.

Finally, we reject the plaintiffs' claim that the depositions of Milton Burton and June Burton are not taxable.

The applicable statute, § 52-257 (b) (2), clearly provides for the automatic taxation in the amount of $30 for each deposition taken within the state. See *Fengler* v. *Northwest Connecticut Homes, Inc.*, supra, 215 Conn. 291.

The judgment is affirmed.

In this opinion the other judges concurred.