******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STEPHEN J. WILLIAMS *v.* TOWN OF MANSFIELD
## (AC 44152)

Bright, C. J., and Prescott and Elgo, Js.

*Syllabus*

The plaintiff appealed to the Superior Court from the parking violation assessment issued against him by the hearing officer for the defendant town of Mansfield. After the town had issued the plaintiff a $30 parking ticket, the plaintiff filed an appeal with the town. Following a hearing, the town's hearing officer issued the subject assessment against the plaintiff. The plaintiff then appealed to the Superior Court, pursuant to the applicable statute (§ 7-152b (g)), by filing a petition to reopen the assessment. The court dismissed the appeal on the ground that it lacked subject matter jurisdiction because the appeal was moot as a result of the town's having elected to void the underlying parking ticket. Thereafter, the court denied the plaintiff's motion for an order of mandamus to compel the clerk of the court to tax costs he had incurred by filing and litigating the appeal, concluding that the plaintiff was not the prevailing party, and, therefore, he was not entitled to the taxation of costs under the applicable statute (§ 52-257). On the plaintiff's appeal to this court, *held*:

1. The trial court improperly dismissed the plaintiff's appeal as moot because it could have granted the plaintiff practical relief by sustaining his appeal and ordering the town's hearing officer to vacate the assessment: although the town voided the parking ticket, the assessment against the plaintiff remained in effect, as the parking ticket, which is an allegation that the plaintiff committed a parking violation, was separate and distinct from the assessment, which is an adjudication of the plaintiff's liability for the alleged violation, and, therefore, the assessment had independent legal significance from the parking ticket; accordingly, the judgment was reversed and the case was remanded with direction to sustain the appeal and to order the town's hearing officer to vacate the assessment.

2. The trial court improperly denied the plaintiff's motion for an order of mandamus to compel the taxation of costs: that court, having been notified that the town had voided the parking ticket underlying the appeal, should have sustained the appeal and ordered the town's hearing officer to vacate the assessment, and, given that outcome, there was no question that the plaintiff would have been the prevailing party in the appeal; accordingly, the court was directed to consider on remand whether the plaintiff was entitled to costs pursuant to § 52-257.

Argued May 23—officially released September 6, 2022

*Procedural History*

Petition to reopen a parking violation assessment issued by the defendant, brought to the Superior Court in the judicial district of Tolland, where the court, *Farley, J.*, granted the defendant's motion to dismiss and rendered judgment thereon; thereafter, the court denied the plaintiff's motion to reargue, and the plaintiff appealed to this court; subsequently, the court, *Sicilian, J.*, denied the plaintiff's motion for an order of mandamus to compel the taxation of costs, and the plaintiff filed an amended appeal. *Reversed*; *judgment directed*; *further proceedings*.

*Stephen J. Williams*, self-represented, the appellant (plaintiff).

*Mary C. Deneen*, with whom was *Kevin M. Deneen*, for the appellee (defendant).

*Opinion*

PRESCOTT, J. The self-represented plaintiff, Stephen J. Williams, appeals from the judgment of the Superior Court dismissing as moot his appeal filed pursuant to General Statutes § 7-152b (g) and Practice Book § 23-51 (a)[1] from an assessment imposed pursuant to § 7-152b (e) by the defendant, the town of Mansfield (town), with respect to a $30 parking ticket, and denying his motion for an order of mandamus to compel the taxation of costs (motion to compel). On appeal, the plaintiff claims that the court improperly (1) concluded that it lacked subject matter jurisdiction to consider his appeal, which the court concluded was rendered moot after the town elected to void the underlying parking ticket, and (2) determined that he was not the prevailing party on appeal and, thus, not entitled to costs. We conclude that the plaintiff's appeal was not moot and, therefore, that the court improperly dismissed the appeal on the ground that it lacked subject matter jurisdiction. Rather, the court should have rendered judgment sustaining the appeal and ordered that the underlying assessment be vacated. We further conclude that the court improperly denied the plaintiff's motion to compel the taxation of costs solely on the ground that the plaintiff was not the prevailing party on appeal. Accordingly, we reverse the judgment and remand the case with direction to render judgment sustaining the appeal and ordering the town's hearing officer to vacate the assessment, and for further proceedings on the merits of the plaintiff's motion to compel the taxation of costs.[2]

The following undisputed facts and procedural history are relevant to our resolution of the plaintiff's appeal. On April 4, 2019, the town issued the plaintiff a parking ticket in the amount of $30. On April 15, 2019, the plaintiff filed an appeal with the town. On May 15, 2019, the town held a hearing and, on the same date, issued a notice denying the appeal. On June 18, 2019,[3] the plaintiff, pursuant to § 7-152b (g),[4] appealed the assessment of the parking ticket to the Superior Court. He filed with the court a petition to reopen the assessment in which he requested that the town's assessment against him be "rescinded." On July 3, 2019, he filed an amended petition in which he provided more details about the underlying assessment and appeal to the town.[5]

On December 11, 2019, the town filed a motion to dismiss the plaintiff's appeal. The town asserted that, because it "ha[d] voided the parking ticket and waived all associated fees and/or fines," the plaintiff's appeal was "moot." Accordingly, the town argued, the court lacked subject matter jurisdiction to hear the appeal. On February 10, 2020, the court held a hearing on the motion and issued an oral ruling dismissing the plaintiff's appeal as moot.[6]

On February 10, 2020, the plaintiff, pursuant to Practice Book § 18-5, filed a bill of costs requesting the clerk of the court to tax costs he had incurred by filing and litigating the appeal. On February 11, 2020, the town filed an objection to the plaintiff's bill of costs, in which it stated that General Statutes § 52-257, which governs the awarding of costs, provides that costs may be awarded only to a " 'prevailing party.' " The town argued that, because the plaintiff's appeal was dismissed for lack of subject matter jurisdiction, the plaintiff was not the prevailing party and, accordingly, was not entitled to costs.

On March 2, 2020, the plaintiff filed a motion to reargue the judgment of dismissal. The court denied the plaintiff's motion on March 16, 2020. On July 6, 2020, the plaintiff filed the present appeal.[7]

On August 3, 2020, the plaintiff filed a motion asking the trial court "for an order of mandamus compelling the clerk to tax the costs in this case." On August 17, 2020, the court issued an order denying that motion, stating: "The plaintiff was not the prevailing party and therefore is not entitled to the taxation of costs." The plaintiff timely moved to reargue the August 17, 2020 order, which the court denied on September 10, 2020. The plaintiff amended the present appeal to include a challenge of this order.

On October 13, 2020, the plaintiff, pursuant to Practice Book § 64-1,[8] filed with this court and the trial court a notice, "notif[ying] the appellate clerk that no statement of decision has been filed in the trial court . . . as [to] the trial court's order finding that '[the] plaintiff was not a prevailing party and therefore is not entitled to the taxation of costs.' " On the same date, the trial court issued a one page memorandum of decision, which stated in relevant part: "To the extent that additional explication is required, the court notes that the taxation of costs in civil actions is governed by . . . § 52-257. That statute permits the taxation of costs only to a 'prevailing party.' The plaintiff was not a prevailing party. To the contrary, the plaintiff's petition was dismissed . . . on February 10, 2020. *The plaintiff was, therefore, the losing party.* As such, the plaintiff was not entitled to the taxation of costs. There was, therefore, no appropriate basis for the plaintiff's motion for an order of mandamus." (Emphasis added.)

I

The plaintiff claims that the court improperly granted the town's motion to dismiss his appeal on mootness grounds after the town voided his parking ticket. We agree.

We begin by setting forth the relevant standard of review and legal principles that govern our analysis. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Inter-

nal quotation marks omitted.) *Mangiafico* v. *Farmington*, 331 Conn. 404, 418, 204 A.3d 1138 (2019). "A determination regarding a trial court's subject matter jurisdiction is a question of law. . . . Accordingly, [o]ur review of the court's ultimate legal conclusion[s] and resulting [determination] of the motion to dismiss will be de novo." (Citation omitted; internal quotation marks omitted.) *Great Plains Lending, LLC* v. *Dept. of Banking*, 339 Conn. 112, 120, 259 A.3d 1128 (2021). "Whether an action is moot implicates a court's subject matter jurisdiction . . . . Our case law firmly establishes that [a] case is considered moot if [a] court cannot grant the [plaintiff] any practical relief through its disposition of the merits . . . ." (Citations omitted; internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 373, 260 A.3d 1187 (2021).

Section 7-152b delegates to municipalities the authority to issue parking tickets, to conduct hearings to determine the liability of motor vehicle operators or owners who receive those tickets, and to assess fines, penalties, costs, and fees provided for by the municipalities' applicable ordinances. A parking ticket is an allegation that a vehicle owner has committed a parking violation. Pursuant to § 7-152b (c), a municipality may send notice to the vehicle owner informing him: "(1) Of the allegations against him and the amount of the fines, penalties, costs or fees due; (2) that he may contest his liability before a parking violations hearing officer by delivering in person, by electronic mail or by mail written notice within ten days of the date thereof; (3) that if he does not demand such a hearing, an assessment and judgment shall enter against him; and (4) that such judgment may issue without further notice."

If the vehicle owner contests his liability for the alleged violation, a hearing shall be held before the municipality's hearing officer in accordance with § 7-152b (e). Section 7-152b (e) provides in relevant part: "The hearing officer shall announce his decision at the end of the hearing. . . . If [the hearing officer] determines that the person is liable for the violation, he shall . . . enter and assess the fines, penalties, costs or fees against such person as provided by the applicable ordinances of that [municipality]." Section 7-152b (f) provides in relevant part: "If such assessment is not paid on the date of its entry, the hearing officer shall send . . . a notice of the assessment to the person found liable and shall file, not less than thirty days or more than twelve months after such mailing, a certified copy of the notice of assessment with the clerk of a superior court facility designated by the Chief Court Administrator . . . . The certified copy of the notice of assessment shall constitute a record of assessment. . . . The clerk shall enter judgment . . . against such person in favor of the [municipality]. . . . [T]he hearing officer's assessment, when so entered as a judgment, shall have the effect of a civil money judgment and a levy of execu-

tion on such judgment may issue without further notice to such person." Pursuant to § 7-152b (g), the vehicle owner can appeal the hearing officer's assessment to the Superior Court within thirty days of the mailing of the notice of the assessment.[9]

In the present case, a town constable issued the plaintiff a parking ticket, which merely alleged that he violated one of the town's parking ordinances. After a hearing, the town's hearing officer issued an assessment against the plaintiff, which established his liability for the parking violation. The plaintiff argues that, although the town voided the fine associated with the parking ticket, the hearing officer's assessment nevertheless remains in place. Therefore, he argues, the case is not moot because he is seeking to have the hearing officer's decision vacated. The town maintains that, once it voided the parking ticket, there was no practical relief that the court could grant the plaintiff because no justiciable issue remained between the parties.

We agree with the plaintiff that the case is not moot. The assessment against him remains even after the town voided the parking ticket. The parking ticket, which is simply an allegation that he committed a parking violation, is separate and distinct from the assessment, which is an adjudication of his liability for the alleged violation. In other words, the assessment has independent legal significance from the parking ticket.

Thus, the court could have granted the plaintiff practical relief by sustaining his appeal and ordering the town's hearing officer to vacate the assessment in light of the fact that the town essentially decided that it would not defend the appeal.[10] Accordingly, we reverse the judgment of dismissal and remand the case with direction to render judgment sustaining the appeal and ordering the hearing officer to vacate the assessment.

II

The plaintiff next claims that the court, in denying his motion to compel the taxation of costs, improperly determined that he was not the prevailing party. In light of our resolution of the plaintiff's first claim, we agree with the plaintiff and conclude that, on remand, the court should consider anew the plaintiff's motion to compel.

Ordinarily, we review a trial court's decision regarding whether to award fees and costs for abuse of discretion. See, e.g., *Barry* v. *Quality Steel Products, Inc.*, 280 Conn. 1, 24–25, 905 A.2d 55 (2006); *Honan* v. *Dimyan*, 63 Conn. App. 702, 712, 778 A.2d 989, cert. denied, 258 Conn. 942, 786 A.2d 430 (2001). When, however, a court's decision is challenged on the basis of a question of law, our review is plenary. *Indoor Billboard Northwest, Inc.* v. *M2 Systems Corp.*, 202 Conn. App. 139, 197, 245 A.3d 426 (2021). In this case, the court did not make a discretionary determination about what fees

and costs, if any, the plaintiff should be awarded. Rather, the court denied the plaintiff's motion to compel the taxation of costs on the basis of its legal conclusion that he was not the "prevailing party" under § 52-257. See *Connecticut Housing Finance Authority* v. *Alfaro*, 328 Conn. 134, 136, 176 A.3d 1146 (2018) (court tasked with determining, as matter of law, whether defendant successfully defended action under General Statutes § 42-150bb, which provides in relevant part that "an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action . . . based upon [a] contract or lease").

As we stated in part I of this opinion, the court in the present case, having been notified that the town had voided the parking ticket underlying the appeal, should have sustained the plaintiff's appeal and ordered the town's hearing officer to vacate the assessment. Given that outcome, which clearly would amount to a "win" for the plaintiff because it is the very relief he sought in bringing the appeal, there is no question that the plaintiff would be the prevailing party in the appeal. Thus, the court's decision to deny the motion to compel outright was improper, and the court should reconsider on remand whether the plaintiff is entitled to costs pursuant to § 52-257.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal and ordering the town's hearing officer to vacate the underlying assessment, and to reconsider the plaintiff's motion to compel the taxation of costs.

In this opinion the other judges concurred.

[1] General Statutes § 7-152b (g) provides: "A person against whom an assessment has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with an entry fee in an amount equal to the entry fee for a small claims case pursuant to section 52-259, at the Superior Court facility designated by the Chief Court Administrator, which shall entitle such person to a hearing in accordance with the rules of the judges of the Superior Court."

Practice Book § 23-51 (a) provides: "Any aggrieved person who wishes to appeal a parking or citation assessment issued by a town, city, borough or other municipality shall file with the clerk of the court within the time limited by statute a petition to open assessment with a copy of the notice of assessment annexed thereto. A copy of the petition with the notice of assessment annexed shall be sent by the petitioner by certified mail to the town, city, borough or municipality involved."

[2] The plaintiff also claims that the court improperly "fail[ed] to afford the parties an opportunity for discovery and to conduct an evidentiary hearing prior to its determination of [the] disputed jurisdictional issues . . . ." Because we agree with the plaintiff's first claim and, accordingly, conclude that the court's judgment must be reversed, we need not address this claim.

[3] The summons lists a return date of June 18, 2019. The petition to reopen the assessment was filed with the court on June 12, 2019.

[4] In both his petition and amended petition; see footnote 5 of this opinion; the plaintiff stated that he was appealing the assessment pursuant to General Statutes § 7-152c (g), which is the incorrect statute. Section 7-152c (g) provides the hearing procedure for *citations*, whereas § 7-152b (g) provides the hearing procedure for *parking violations*. We reasonably can construe this mistake as a scrivener's error.

[5] In the amended petition, the plaintiff represented that he had parked

his vehicle on property owned by Storrs Associates, LLC, and that a town constable, who also was employed by Storrs Associates, LLC, issued the parking ticket. The plaintiff alleged that "[t]he parking limitation signs . . . violate[d] [General Statutes] § 14-311b [because the signs] fail[ed] to comply with the current Manual of Uniform Traffic Control Devices as implemented by the Office of the State Traffic Administration . . . ." Specifically, he alleged that "the signage [did not] have a green legend and border and failed to clearly display the limitation area with arrows or words." Additionally, he contended that the town's notice of the violation was defective. He further contended that the town's hearing officer improperly denied his appeal on the basis that it was not timely filed.

[6] Pursuant to Practice Book § 64-1, the transcript of the oral decision was signed by the trial judge.

[7] We note that the appeal was untimely. See Practice Book § 63-1 (a) and (c). The town, however, did not file a motion to dismiss the appeal as untimely within ten days of the plaintiff's filing of the appeal, as required by Practice Book § 66-8, and, thus, we need not consider the timeliness issue.

[8] Practice Book § 64-1 provides in relevant part: "(a) The trial court shall state its decision either orally or in writing . . . in rendering judgments in trials to the court in civil . . . matters . . . . The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . .

"(b) If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by subsection (a), the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with subsection (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with subsection (a)."

[9] In the present case, the record does not indicate that the town, in accordance with § 7-152b (f), filed with the Superior Court a certified copy of its May 15, 2019 notice of the assessment that it issued to the plaintiff. The plaintiff's petition to reopen the assessment was filed with the court on June 12, 2019. See footnote 3 of this opinion. As stated previously, § 7-152b (f) provides that a municipality shall send to the Superior Court a certified copy of the notice of an assessment "not less than thirty days" after the notice is mailed to the vehicle owner who received the assessment. Thus, the plaintiff appealed the assessment before the town was permitted to file a certified copy of the notice of the May 15, 2019 assessment.

[10] In fact, at oral argument before this court, the town acknowledged that the trial court could have remanded the case to the town's hearing officer to vacate the assessment.